## In re MODIFICATION OF CANON 3A(7) OF THE MINNESOTA CODE OF JUDICIAL CONDUCT.

### No. C7–81–300.

Supreme Court of Minnesota.

March 30, 1989.

### ORDER

### No. C7–81–300.

Supreme Court of Minnesota.

April 4, 1989.

### ORDER

WHEREAS, a formal motion by Otis H. Godfrey, Jr., filed in the above-entitled matter, was referred to me for consideration by this court; and

WHEREAS, although it is not the standard practice of the members of the court to issue formal orders in instances where a justice may choose to recuse from participation in a pending matter, a formal response to the motion is appropriate in this unusual matter;

IT IS HEREBY ORDERED that the motion be, and the same is, denied.

## MEMORANDUM

The Court, in its order of March 30, 1989, 438 N.W.2d 95, (Minn.1989) has reaffirmed the holding of *State ex rel. Wild v. Otis,* 257 N.W.2d 361 (Minn.1977) (relating to the recusal of a supreme court justice), declining to rule on the motion and referring it to me.

The issues relating to the propriety of the use of cameras in the courtroom are important not only to the bench and bar, but also to all of the people of the state of Minnesota. These significant issues involve the broad supervisory and administrative authority of the Minnesota Supreme Court and do not arise in connection with its traditional adjudicative function. In my view, factors which might persuade a justice to recuse in an adjudicative case may not bear upon a decision whether to participate in matters affecting broad judicial policy, including the supervision and administration of the lower courts. I have arrived at this conclusion after consultation with the executive director of the Board of Judicial Standards, who has also consulted with the American Judicature Society. None of the information contained in the motion or the arguments advanced would require my recusal.

The Supreme Court is a collegial court consisting of seven justices, each with a wide and diverse background. The breadth of this experience contributes immeasurably to its administrative-rule making and policy formulation process. However, the confidence of the public in our judicial system is of utmost importance. This motion has engendered unfortunate public confu-sion. For that reason I will not sit and participate in this matter.